## PARKER *v.* GATES.

### Opinion delivered February 20, 1911.

BANKRUPTCY—PREFERENCE.—A debtor owed plaintiff $500, witnessed by note signed by defendant as surety. The debtor assigned to plaintiff certain other notes in satisfaction of this note, which was cancelled and surrendered. Three weeks thereafter the debtor was adjudged to be a bankrupt. Plaintiff voluntarily returned such assigned notes as having constituted a preference under the bankruptcy act, § 60, subdiv. b, and sued defendant as surety upon the cancelled note. *Held,* that plaintiff was not entitled to recover, in the absence of any proof that plaintiff had reasonable cause, at the time the original note was cancelled, to believe that the debtor intended thereby to give a preference.

Appeal from Carroll Circuit Court, Western District; *Joseph S. Maples,* Judge; affirmed.

*Festus O. Butt,* for appellant.

The payment being a preference, and its return into the source from which it emanated, the Lloyd estate, being under coercion from the Federal court, justice required that all parties should thereby be placed *in statu quo,* and their relative positions prior to the preference reinstated. 1 Fed. Stat. Ann. 664; 11 Fed. 353. The fact that appellant surrendered his preference upon demand by the legal authority, and without waiting to be sued or declared to be in contempt of court, ought not to militate against his rights. 142 Fed. 68; 134 Fed. 477.

*Charles D. James,* for appellee.

The payment to appellant was not, under the bankrupt law as amended in 1903, a preference, hence the trustee could not have enforced his demand by suit. The payment to the trustee was therefore a voluntary one. Appellant, seeking to recover

against appellee, would be held to make the same proof that the trustee would be required to make under the act, had he attempted by suit to recover the $900 back from appellant. Act 1903, § 13, subdivisions "a" and "b;" 63 N. Y. App. 498. If appellant when he received the payment from Lloyd did not have cause to believe it was intended as a preference, he had the right to keep the money. 182 U. S. 438; 59 N. Y. App. 555; 1 Fed. 399; 97 U. S. 80, 24 Law. Ed. 972; 18 Fed. 164; 10 Ohio Dec. 405; 108 U. S. 74, 27 Law Ed. 640; 112 Mass. 100; 13 Wall. (U. S.) 40; 21 *Id.* 360; 15 N. H. 115.

McCULLOCH, C. J. W. J. Lloyd owed appellant, J. L. Parker, and executed to the latter his promissory note, with appellee Gates as surety, for $500, due six months after date. Shortly after the maturity of the note Lloyd assigned to appellant certain other notes in satisfaction of this note, which was cancelled and surrendered. About three weeks thereafter Lloyd was adjudged to be a bankrupt, and appellant attempted to prove, as a claim against the estate, another note executed to him by the bankrupt, but the referee in bankruptcy disallowed the claim on the ground that he had received a preference in the payment of the original note, and ordered that said original note be allowed against the estate upon the return by appellant to the trustee of the assigned notes. Appellant thereupon delivered to the trustee said assigned notes and the amounts he had collected thereon, and instituted this action against appellee, as surety on said original note, which had been surrendered, to recover the balance, after crediting the several amounts paid by the trustee out of the bankrupt's estate.

Appellant bases his right to recover on the alleged fact that the payment of the note constituted a preference, and that he had been compelled to refund it to the trustee in bankruptcy.

Appellant voluntarily returned the proceeds of the alleged preferential satisfaction of the note, and, in order to sustain his right to recover, it devolved upon his to prove that the payment constituted a preference within the meaning of the bankruptcy act. The bankruptcy act (sec. 60, subdiv. b) provides that "if a bankrupt shall have given a preference and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby

to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person." Sec. 57, subdiv. g, provides that "the claims of creditors who have received preferences voidable under section 60, subdiv. b, shall not be allowed unless such creditors shall surrender such preferences."

In *Arkansas National Bank* v. *Sparks,* 83 Ark. 324, construing the bankruptcy act, we held that "the preference will not be set aside because the debtor was insolvent and intended to make a preference; it must appear that the preferred creditor had reasonable cause to believe that the debtor was insolvent and intended to make a preference."

There is a total absence of any such evidence in this case, or proof of any fact that would make the payment a preference. Appellant did not undertake to show that at the time the payment was made the principal debtor was insolvent and intended to made a preference, or that appellant had any reasonable cause to believe that the payment constituted a preference. On the contrary, the undisputed evidences hows that at the time the payment was made the principal debtor was meeting his obligations as they matured, and that he did not intend to make a preference in favor of appellant. On this state of the proof, appellee was entitled to a verdict in his favor, as appellant had wholly failed to make out a case. The verdict of the jury being correct under the undisputed evidence, it is unnecessary to consider other assignments of error.

The judgment is therefore affirmed.